No. 14-55784

# IN THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

STEVEN "LASER" HAAS,

*Appellant*,

– v. –

WILLARD MITT ROMNEY

AND

MORRIS, NICHOLS, ARSHT & TUNNELL, LLP, *et al.*,

*Appellees*.

On Appeal from a Final Judgment of the
United States District Court for the
Central District of California

Hon. Stephen V. Wilson District Judge
District Court Case No. 2:13-cv-07738

**RESPONSE OF APPELLEES MORRIS, NICHOLS, ARSHT & TUNNELL LLP, GREGORY W. WERKHEISER AND BARRY GOLD TO APPELLANT-PLAINTIFF'S ATTEMPT TO SHOW CAUSE WHY THE DISTRICT COURT'S ORDERS SHOULD NOT BE SUMMARILY AFFIRMED UNDER 9TH CIR. R. 42-1**

Appellees Morris, Nichols, Arsht & Tunnell LLP, Gregory W. Werkheiser, and Barry Gold (collectively the "Responding Appellees") hereby submit this statement in response the filing of appellant Steven (Laser) Haas ("Haas" or "Appellant") styled as *Plaintiff-Appellant Response To Court Order*

58446-00002/2255065.2

*August 21, 2014 For Appellant To Show Cause Why Appeal Is Not Frivolous* (the "Show Cause Statement").

Initially, Haas' appeal should be dismissed for failure to prosecute as directed in this Court's Order entered on August 21, 2014 (the "Show Cause Order"). The Show Cause Order required Haas to file proof of payment of the filing and docketing fees for this appeal within 21 days (*i.e.,* on or before September 11, 2014) and to "simultaneously show cause why the orders challenged in the appeal should not be summarily affirmed." Haas, however, did not serve a copy of his Show Cause Statement on the Responding Appellees' counsel until September 12, 2014, and apparently did not file it until September 15, 2014.

Even if this Court considers Haas' Show Cause Statement, Haas has failed to show that his appeal is not frivolous and has failed to demonstrate why the District Court's orders should not be summarily affirmed. Haas's Show Cause Statement, like the four versions of his complaint in the proceeding below, is a rambling, disjointed and largely unintelligible document, laden with irrelevant, if not paranoid, accusations, as well as *ad hominem* attacks, directed against the Responding Appellees, the other defendants in the case below and others not before either court.

Haas makes only passing reference to the District Court's bases for dismissing his first amended complaint [Dkt. No. 6] with prejudice and for denying Haas leave to file his proposed second and third amended complaints. Though much of Haas' prose is impenetrable, as best Responding Appellees can decipher it, Haas attempts to present two arguments as to why his appeal is not frivolous and why the orders below should not be summarily affirmed. Neither comes close to raising a substantial question that warrants briefing or taking up any further time of this Court.

First, as to the Responding Appellees, Haas contends that the District Court committed clear error by relying on the *Barton* doctrine, as applied by this Court in *Beck v. Fort James Corp. (In re Crown Vantage, Inc.),* 421 F.3d 963 (9th Cir. 2005), in ordering dismissal. (Show Cause Stmt., at 21) Haas appears to assume that the District Court treated the *Barton* doctrine as an absolute bar. The District Court, however, correctly recognized the *Barton* doctrine as a "jurisdictional defect" [Dkt. No. 66] that prevented Haas from filing the below action against the Responding Appellees, who were each appointees of the Delaware Bankruptcy Court, without first obtaining leave of that court. No such leave was granted.

Second, Haas contends that in ruling against him, the District Court failed to give him appropriate leeway as an unrepresented party. (Show Cause

Stmt., at 18) This, as the docket below reveals, is preposterous. Haas is an experienced *pro se* litigant (having burdened multiple federal jurisdictions with various versions of his claims for more than ten years) and the District Court afforded him at least four opportunities to try to file an appropriate complaint before dismissing the action with prejudice. Haas was simply unwilling or incapable of complying with the applicable pleading requirements or alleging viable claims.

Further, Haas' Show Cause Statement fails entirely to address several other independent reasons that the District Court relied upon, or could have relied upon, to dismiss with prejudice. For example, Haas has offered no reason to disturb (and none exists) the District Court's ruling that he is precluded from relitigating claims that had been previously adjudicated elsewhere [Dkt. No. 66]. Additionally, Haas ignores (and has no basis to challenge) the District Court's ruling that the four-year statute of limitations applicable to civil RICO claims bars his claims [Dkt. No. 96].

For these reasons and such additional reasons as the other appellees may identify (which are hereby incorporated by reference), as this Court preliminarily determined in the Show Cause Order, Haas' appeal is frivolous. Accordingly, the District Court's orders challenged in this appeal should be summarily affirmed.

September 22, 2014                    Respectfully submitted,

*/s/ Charles N. Shephard*

Charles N. Shephard
GREENBERG GLUSKER FIELDS
CLAMAN & MACHTINGER LLP
1900 Avenue of the Stars, Suite 2100
Los Angeles, CA 90067
Telephone: (310) 553-3610

*Counsel for Appellee Morris, Nichols, Arsht & Tunnell LLP, Gregory W. Werkheiser and Barry Gold*